**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYSON PEEPLES,<br><br>                   Petitioner,<br><br>                      v.<br><br>WARDEN, FCI FORT DIX,<br><br>                   Respondent. | Civil Action No. 22-4962 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on a habeas petition filed by Petitioner Myson Peeples pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Simply stated, Petitioner, who is proceeding *pro se*, seeks to challenge the calculation of his release date. Following an order to answer, the Government filed a response to the petition (ECF No. 9), and Petitioner replied (ECF No. 10). Following an order for supplemental briefing, the Government filed a supplemental answer (ECF No. 14), and Petitioner filed a reply (ECF No. 15). For the reasons expressed below, Petitioner's habeas petition is granted.

**I.    BACKGROUND**

Petitioner is a convicted federal prisoner currently imprisoned in FCI Fort Dix, in Joint Base MDL, New Jersey. (ECF No. 1.) In his current petition, Petitioner seeks to challenge the Bureau of Prison's ("BOP") calculation of his release date. (*See id.*) Specifically, Petitioner argues the BOP has violated the terms of the sentence imposed by U.S. District Judge Kevin McNulty on September 28, 2017, in *United States v. Peeples*, Crim. No. 16-463, ECF No. 22 Judgment (DNJ

Sept. 28, 2017), by failing to run Petitioner's 151-month federal sentence fully concurrently with a 4-year sentence imposed by the State of New Jersey on December 23, 2016, for violating the conditions of his state parole. (*See* ECF No. 1; *see also* ECF No. 9-1, Att. E.) Petitioner argues that Judge McNulty ordered that he receive credit for the entirety of the nineteen months, February 17, 2016 through September 28, 2017, he served in state prison prior to his federal sentencing. (*See generally* ECF No. 1.) Petitioner submits that U.S.S.G. § 5G1.3(b) requires that a new sentence run "concurrent to the undischarged term of imprisonment." (*See id.* at 4-5.)

On February 17, 2016[1], New Jersey law enforcement arrested Petitioner and charged him in state court with multiple offenses, including unlawful possession of a firearm and possession of marijuana. (ECF No. 9-1, Att. A.) On October 6, 2016, while Petitioner was in New Jersey state custody, a federal grand jury in the District of New Jersey indicted him for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); and carrying a firearm during a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A)(i) (Count 3). (*United States v. Peeples*, Crim. No. 16-463, ECF No. 1.)

On October 20, 2016, while Petitioner was in the custody of the authorities at Passaic County Jail, the United States District Court for the District of New Jersey issued a Writ of Habeas *ad prosequendum* instructing the United States Marshal to take physical custody over Petitioner to face his federal charges. (ECF No. 9-1, Att C.) Federal authorities took Petitioner into federal custody on November 3, 2016, and returned him to state custody on the same day. (*Id.*, Att. C and D.)

---

[1] Petitioner's habeas petition indicates his arrest date was February 15, 2016. (ECF No. 1 at 4.) However, the records submitted by the Government show the correct arrest date was February 17, 2016. (ECF No. 9-1, Att. A.)

2

On November 15, 2016, the State of New Jersey dismissed the charges against Petitioner, however he remained in Passaic County custody after the State initiated violation of parole proceedings based on the circumstances of his February 2016 arrest. (*See id.*, Att. A; *see also id.*, Att. E at 1.) On December 23, 2016, the Superior Court of New Jersey sentenced Petitioner to a term of four-years imprisonment for violating the conditions of his state parole. (*Id.*, Att. E.)

On May 24, 2017, while in state custody, the United States Marshals again took Petitioner into federal custody pursuant to a Writ of Habeas *ad prosequendum* for a change of plea hearing in the District of New Jersey, where Petitioner pled guilty to Counts 1 and 2 of the federal indictment. (*Id.*, Att. F and G; *see also Peeples*, Crim. No. 16-463, ECF No. 16.) Petitioner was returned to state custody on the same day. (*Id.*, Att. D at 1.)

On September 28, 2017, Judge McNulty sentenced Petitioner to a total term of 151-months imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2). (*Id.*, Att. I.) Petitioner was returned to state custody with a federal sentencing detainer. (*Id.*, Att. D at 1.)

On February 12, 2019, Petitioner completed his state sentence for violation of parole, and the state transferred him into the exclusive custody of the BOP to continue to serve his federal sentence. (*Id.*, Att. J.) The BOP prepared a sentence computation. The BOP determined Petitioner's federal sentence commenced on September 28, 2017, the day Judge McNulty imposed his federal sentence. (*Id.*, Att. K.) The BOP also calculated prior custody credit from February 17, 2016, the date of his state arrest, through December 22, 2016, the day prior to the imposition of his state sentence for violation of parole, and applied it to his federal term of incarceration because that time period was not applied to any other state or federal sentence. (*See id.*) The BOP did not

3

award Petitioner credit for the time spent in state custody while serving his state violation of parole sentence prior to the commencement of his federal sentence because that time was credited to his state violation of parole sentence. (*See id.*)

In his current habeas petition, Petitioner argues that Judge McNulty ordered his federal and state sentences to run fully concurrently, and the BOP should have credited him for all of the time he served in state custody prior to the commencement of his federal sentence, starting from the date of his arrest, February 17, 2016. (ECF No. 1.)

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J.

4

1995) (applying the § 2255 hearing standard to a § 2241 petition), aff'd, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

In his habeas petition, Petitioner argues that Judge McNulty ordered that his federal sentence should run fully concurrent with this state court parole violation sentence; therefore, he should receive credit for the 19 months he was in state custody, February 17, 2016, his state arrest date, through September 28, 2017, his federal sentencing date. (*See* ECF No. 1.) Petitioner argues that U.S.S.G. § 5G1.3(b) requires that a new sentence run "concurrent to the undischarged term of imprisonment." (*See id.* at 4-5.) In response, Respondent contends that the BOP properly calculated Petitioner's sentence, as the BOP is statutorily prohibited from crediting him for time that was previously credited toward another sentence, i.e., his state parole violation sentence. (ECF No. 9 at 9-13.) Respondent also submits that Judge McNulty did not provide Petitioner with a § 5G1.3(b) adjustment at sentencing, "as that adjustment was not reflected in either the judgment or the sentencing transcript." (ECF No. 14 at 8-9.)

#### A. 18 U.S.C. § 3585

Respondent first argues that they are statutorily prohibited from crediting Petitioner for his time served on his state parole violation sentence prior to his federal sentencing.

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served . . . [belongs] to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky*, 427 F. App'x. 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585). Claims that the BOP has failed to properly calculate

5

a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Burkey v. Mayberry*, 556 F.3d 142, 146 (3d Cir. 2009) (citations omitted) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").

Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The United States Supreme Court has held that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *also see United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) (holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

Consequently, the Court agrees that the BOP was statutorily prohibited from awarding Petitioner credit on his federal sentence for the time period of December 23, 2016, the date Petitioner began serving his state sentence, through September 27, 2017, the day before his federal sentence commenced, because the State of New Jersey already applied that time to his state parole violation sentence. 18 U.S.C. § 3585(b). Stated differently, § 3585(b) prohibits Petitioner from receiving double credit for that time period.

6

**B. U.S.S.G. § 5G1.3**

Although the Court agrees that the BOP was statutorily prohibited from awarding Petitioner double credit for the time he spent serving his state parole violation sentence prior to the commencement of his federal sentence, Petitioner argues that Judge McNulty adjusted Petitioner's sentence pursuant to U.S.S.G. § 5G1.3 and the BOP failed to properly execute that sentence. (ECF No. 1 at 3-5.)

The Guidelines issued by the United States Sentencing Commission on November 1, 2016, were applicable at the time of Petitioner's sentencing. *See* U.S.S.G. § 1B1.11; *United States v. Brannan*, 74 F.3d 448 450 n.2 (3d. Cir. 1996) (noting that court should apply the guideline provision in effect at the time of sentencing unless the court determines that to do so would violate the Ex Post Facto Clause of the United States Constitution in that it would yield a harsher result than that in effect at the time of the offense). U.S.S.G. § 5G1.3 advised the Court to order a federal sentence to run concurrently with an undischarged term of imprisonment for a conviction arising from conduct that resulted in the federal offense.

At the time of Petitioner's federal sentencing, § 5G1.3(b) provided:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

7

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b). Application Note 2(C) to § 5G1.3(b) instructs that:

> If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (e.g., §5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.

U.S.S.G. § 5G1.3 cmt. n.2(C) (2016).

Finally, Application Note 2(D) to § 5G1.3 provides the following example in which subsection (b) applies and an adjustment to the sentence is appropriate:

> The defendant is convicted of a federal offense charging the sale of 90 grams of cocaine. Under §1B1.3, the defendant is held accountable for the sale of an additional 25 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12–18 months (Chapter Two offense level of level 16 for sale of 115 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

U.S.S.G. § 5G1.3 cmt. n.2(D) (2016).

Here, Judge McNulty stated the following at Petitioner's sentencing:

> The Court: Alright. Look, I'm prepared to pass sentence here. I will sentence at the bottom of the range. Actually, there is one other matter I would like to hear counsel on, which is the fact that the

> defendant has been in custody since February of 2016, and the parole violation is this offense. How should I treat that? I would like the Government's position.
>
> MS. LOU: I don't know how the BOP would count the time between the February arrest date and then when he was sentenced on the parole violation. Wouldn't time be counted towards federal custody?
>
> MS. FOSTER: Not necessarily because they – Passaic County most likely logged him in on the violation because the Government did not assume prosecution of it until November of 2016.
>
> THE COURT: Yeah. Well, I will state, and I'll state it formerly in a minute. It's my intent that the sentence be imposed from the date of arrest. And what that means in practical terms is that it be concurrent to the State probation violation offense. I think that's fair. I think that's practically what happens in a lot of cases, and I don't want happenstance of, you know, the order in which the sentence has occurred to mean that this defendant has more time. I don't mean to indicate that it's unimportant, that it was a violation of his probation as well, and I would - - it certainly was, but obviously the major important facts here is that it's a violation of criminal law, and that's what I've been stressing.
>
> . . .
>
> The Court: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court, that I hereby sentence the defendant to the custody of the Bureau of Prisons, to be in prison for a term of 151 months[.] That term consists of concurrent sentences of 120 months on Count One, 151 months on Count Two, and those are concurrent. The total sentence is 151 months. . . .
>
> It is the intent of the Court that this sentence run from the date of arrest, which is February 1[7]th, 2016, to that extent that it run concurrent with the sentence that the defendant is currently serving for the violation of probation by the State. What that means is that some -- just to make it clear, that approximately 19 months have been served already, and it should run from today forward. For reference, that is docket number 14-07-0634, Superior Court of New Jersey, Passaic County.

(ECF No. 14-1, Sentencing Tr. 9/28/2017 at 14:2 to 15:4, 19:6 to 20:1.)

    Petitioner's judgment reads as follows:

9

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months. This term consists of 120 months on Count 1, and a term of 151 months on Count 2, all to be served concurrently to each other. The term of imprisonment imposed by this judgement shall begin immediately and run concurrently as of 2/17/16 to the defendant's imprisonment under Accusation number 14-07-00634, imposed in the Superior Court of New Jersey, Passaic County. The Court recommends that the Bureau of Prisons to designate South Woods State Prison as the facility where he is currently serving his State sentence.

(*Peeples*, Crim. No. 16-463, ECF No. 22.)

The Court acknowledges that Judge McNulty did not cite to U.S.S.G. § 5G1.3(b) on the record or in Petitioner's judgment. However, a review of Petitioner's sentencing transcript makes it clear that Judge McNulty intended for U.S.S.G. § 5G1.3(b) to apply here. Judge McNulty noted that Petitioner's state sentence was for a parole violation based on the crimes for which he was receiving a federal sentence. Judge McNulty stated that it was the Court's intent that Petitioner's federal sentence run from the date of his February 17, 2016 arrest and concurrent with his state violation of parole sentence. Moreover, Judge McNulty sentenced Petitioner to 151-months imprisonment and made it "clear, that approximately 19 months ha[d] been served already." (ECF No. 14-1, Sentencing Tr. 9/28/2017 at 19:23.) The Court finds that even though Judge McNulty did not reference the specific sentencing guideline he was applying, Judge McNulty clearly intended for Petitioner to receive credit for the full 19 months he spent in state custody, February 17, 2016, his state arrest date, through September 28, 2017, his federal sentencing date.[2] Therefore, the Court will grant a Writ of Habeas Corpus and order the BOP to recalculate Petitioner's

---

[2] The Court is mindful that Petitioner has a pending motion for clarification of his sentence in the underlying criminal matter. *See Peeples*, Crim. No. 16-463, ECF No. 41. However, Judge McNulty retired from the District Court and Petitioner's underlying criminal matter has been reassigned to the Honorable Claire C. Cecchi. Because Judge Cecchi was not the sentencing judge, she too would have to glean Judge McNulty's intent with respect to sentencing from the transcript. Consequently, rendering a decision on the instant petition does not supplant that of the sentencing judge.

projected release date by giving him credit against his 151-month term for the entire 19 month period from his arrest on February 17, 2016, through September 27, 2017, the day prior to the imposition of his federal sentence.

## IV.     CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**. An order consistent with this Opinion will be entered.

Dated:

Hon. Karen M. Williams,<br>
United States District Judge